

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam K. Davidson
County Attorney
Levelland, Texas

Dear Sir:

Opinion No. O-3575
Re: Commissions of delinquent
tax attorney in view of
House Bill No. 76, 47th
Legislature.

On January 13, 1941, the Commissioners' Court
of Hockley County entered into a contract on the form
adopted by the office of the State Comptroller with Edgar
K. Payne, an attorney, for the collection of delinquent
taxes during a period beginning with the date of the con-
tract and ending on December 31, 1942. Paragraph 5 of said
contract reads as follows:

"First Party agrees to pay to Second Party
as compensation for the services hereunder re-
quired 7½ per cent (not to exceed fifteen (15)
per cent) of the amount collected of all delin-
quent taxes, penalty and interest of the years
covered hereby, actually collected and paid to
the collector of taxes during the term of this
contract, of which Second Party is instrumental
in collecting as evidenced by copies of communi-
cations, tax notices or abstracts filed with
the tax collector prior to the payment of such
tax, including collection of taxes on property
not appearing on the assessment rolls nor shown
delinquent but which would have been so shown
had it been properly assessed, discovered by
said Second Party, as and when collected, fol-
lowing the end of each month within the period
of this contract, accordingly as the collector
makes up his monthly reports; provided, cost
of collecting delinquent taxes shall not exceed
the amount of penalty and interest, or an amount

equal to such penalty and interest of all de-
linquent taxes collected under the terms of
this contract (Chapter 229, Sec. 2, Regular
Session Forty-second Legislature, having ref-
erence to the regular 2% penalty and 6% inter-
est).  The percent of compensation here referred
to shall be contingent upon the collection of
such taxes as by act of the Legislature are re-
quired to be collected.  Should any remission
of penalty and interest on taxes appearing on
the delinquent records be made by legislative
enactment effective during the period of this
contract, the same shall not be collected nor
commission allowed thereon.  Also, ad valorem
taxes, delinquent, levied against State owned
property for county and district purposes, the
payment of which is to be taken care of by Leg-
islative appropriation provided for by Statute,
are excluded from the provisions of this con-
tract."

In your letter of May 19, 1941, you request our
opinion in substance as to what commission or compensation
Mr. Payne may now be paid upon his collecting delinquent
taxes under authority of the contract, in view of the re-
cent enactment of House Bill No. 76, Forty-seventh Legis-
lature.

Sections 1 and 3, of House Bill No. 76, read as
follows:

"Section 1.  That all interest and penalties
that have accrued on all ad valorem and poll
taxes that were delinquent on or before July 1,
1940, due the State, any county, common school
district, road district, levee improvement dis-
trict, water improvement district, and water
control and improvement district, irrigation dis-
trict, and other defined subdivisions of the
State (and, subject to the provisions hereinbe-
fore and hereinafter contained, such interest
and penalties on delinquent ad valorem and poll
taxes due cities, towns and villages, and spe-
cial school districts, and independent school
districts,) shall be and the same are hereby re-
leased, provided said ad valorem and poll taxes

Honorable Sam H. Davidson, Page 3

are paid on or before November 1, 1941. It is provided that the provisions hereof shall not apply to cities, towns, and villages, and special school districts, and independent school districts, unless and until the governing body of any such city, town, or village, or special school district, or independent school district finds that unusual or excessive default in the payment of ad valorem and poll taxes has occurred, and that an extension of time for the payment of such delinquent ad valorem and poll taxes will promote and accelerate the collection thereof, whereupon such governing body shall adopt a resolution or ordinance evidencing such finding, and upon the recording of such findings of fact the provisions of this Act shall be in full force and effect as to any such city, town, or village, or special school district, or independent school district. It is hereby expressly and specifically provided that penalties and interest herein released are released only on delinquent ad valorem and poll taxes and on no other taxes. * * *

"Sec. 3. Anyone desiring to pay at one time all the delinquent taxes for only one year wherein such taxes are delinquent for more than one year shall have the right to pay the same but without remission of penalties and interest; provided, however, that any person availing themselves of the benefits of this Act shall be required to pay all delinquent ad valorem taxes due the State and county on any specific piece of property on which such taxes are delinquent before the penalties and interest may be released as herein provided; conditioned that a six per cent (6%) penalty on the total amount delinquent be paid on such property. * * *"

To us the proviso in the contract "cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest

Honorable Sam K. Davidson, Page 4

of all delinquent taxes collected under the terms of this contract" was meant only to guard against the use of tax money itself to pay the costs of collection, but to make the penalty and interest collected under the contract as an over-all proposition subject to such expenses. In other words, it was meant to provide that the attorney's compensation under the contract and any other costs of collection incurred, if any, should not exceed the total amount of penalties and interest collected by him during the time of and under the contract. Applying this to the contract in question it is our opinion that Mr. Payne may be paid the full 7½ per cent commission stipulated in the contract, so long as such per cent, plus any other costs of collection incurred, if any, do not exceed an amount equal to the penalties and interest collected under the contract from its beginning.

We have read the case of Slimp vs. Wise County, 96 S. W. (2d) 537, but do not believe it applicable to the contract forms now in use.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Glenn R. Lewis
Assistant

GRL:ej


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN